Biersach & Neidermeyer Company, Plaintiff in error, vs. The State, Defendant in error.

*March 17—June 6, 1922.*

*Constitutional law: Class legislation: Reasonable classification: Statute requiring labor advertisements to disclose existence of strike: Validity.*

1. Sec. 1729*p*—1, Stats. 1919, requiring advertisements for workmen to state the existence of any strike at the place of the proposed employment, is not class legislation, being based on a reasonable classification and being germane to the purpose of the law, which is to protect the public from the inconvenience, expense, and danger in responding to such advertisements.
2. The said statute does not violate the Fourteenth amendment to the federal constitution, as reasonable classification is permitted under this amendment.

Error to review an order and a judgment of the municipal court of Milwaukee county: A. C. Backus, Judge. *Affirmed.*

This case comes to this court on a writ of error to review an order of the municipal court overruling the demurrer of the defendant to the information, and to review the

judgment of said court in and by which the defendant was found guilty of violating sec. 1729p—1 of the Statutes of Wisconsin for the year 1919, and sentenced to pay a fine and costs.

The information charged the publication of the following advertisement in the Milwaukee Journal, viz.: "Tinners— Experienced in lining fire doors; good wages permanent position guaranteed to good men. 220 5th St."

The information charged that prior to and at said date the defendant had labor trouble at its plant and that a strike existed among the sheet-metal workers, tinners, and laborers of the defendant, and charged that the defendant violated the provisions of the statute aforesaid in failing to state in such advertisement the fact of the existence of said strike.

A demurrer was interposed to test the constitutionality of said section of said statute, defendant claiming that the same was repugnant to sec. 1, art. I, of the constitution of the state and to the Fourteenth amendment of the federal constitution, and defendant gave notice that it would rely upon such claim.

For the plaintiff in error there was a brief by *Lamfrom & Tighe,* attorneys, and *Leon B. Lamfrom* and *Kenneth P. Grubb,* of counsel, all of Milwaukee, and oral argument by *Leon B. Lamfrom* and *J. V. Quarles* of Milwaukee.

For the defendant in error there was a brief by the *Attorney General, Winfred C. Zabel,* district attorney of Milwaukee county, and *George A. Shaughnessy,* assistant district attorney, and oral argument by *Mr. Zabel* and *Mr. Shaughnessy.*

DOERFLER, J. Sec. 1729p—1 of the Statutes provides:

"It shall be unlawful to influence, induce, persuade or attempt to influence, induce, persuade or engage workmen to change from one place of employment to another in this state or to accept employment in this state or to bring workmen of any class or calling into this state to work in any

department of labor in this state, through or by means of any false or deceptive representations, false advertising or false pretenses concerning the kind and character of the work to be done, or amount and character of the compensation to be paid for such work, or the sanitary or other conditions of the employment, or failure to state in any advertisement, proposal or contract for the employment that there is a strike or lockout at the place of the proposed employment, when in fact such strike or lockout then actually exists in such employment at such place. Any of such unlawful acts shall be deemed a false advertisement, or misrepresentation for the purposes of this section."

Plaintiff in error claims, among other things, that the statute in question provides for an improper classification and that it is class legislation.

In order that the classification may be valid it must rest upon some real difference in the subject matter having some relation to the classification made and the objects to be accomplished by the legislation, and must affect alike all persons or things within a particular class.  12 Corp. Jur. 1130.

In this connection it is said that employers of workmen are placed in one class and are required, in the event of a strike or lockout, while advertising for men, to state in the advertisement the fact that such condition exists; and that employers of other workmen, such as clerks, stenographers, telephone operators, etc., are at liberty to advertise for help during the existence of a strike or lockout without being required to make reference to the fact of the existence of such labor troubles.  It is a well-known fact that the labor troubles referred to in the statute contemplate the existence of such troubles in relation mainly to workmen, and by workmen are meant persons employed in manual labor in various avocations where such labor is required, and particularly to those employed in industrial labor.

Courts also can and must take notice that efforts on the part of employers to hire labor to take the place of

strikers or those locked out from employment are frequently connected with acts of violence, bloodshed, and breaches of the peace. The existence of lawlessness under conditions as above stated was clearly in the mind of the legislators at the time of the enactment of the statute, and it was the evident intention of the legislature to meet such situation and to provide protection for the benefit of the public. Without the provisions of this statute, employers who had labor troubles could indiscriminately advertise for help without apprising the prospective employees of actual conditions, as the result of which many would leave their homes and travel long distances, only to find that a strike or lockout existed in the plant, which would make employment uncomfortable, to say the least, and in many instances dangerous. So that in the enactment of the statute it must be assumed that the legislature had a clear, well-defined policy in mind, designed to protect the interests of the public in general.

Can it be said, therefore, that the classification effected by the statute is an improper or invalid classification? While it appears to us that there is little room for debate as to the propriety or validity of the statute or the classification, if the subject were one debatable or one upon which the minds of reasonable and honest men might differ there would be no authority in the courts to hold such legislation or classification as unreasonable.

As is said in *State ex rel. Kellogg v. Currens,* 111 Wis. 431, 438, 439, 87 N. W. 561:

"The reasons for a given statute are for the legislature, if there are any which can fairly have weight. They are not for the courts. The latter have no control over the validity of a law unless they can say with substantial certainty that no argument or consideration of public policy exists which could have weight with any reasonable and honest man. If any such argument or reason can be suggested, its weight or sufficiency is not debatable in the courts. . . . It is from such considerations as these that the courts have laid down for themselves the rule that only

in a clear case—clear beyond reasonable doubt—will they venture to assert that a law is without reason to support either its purpose or the classifications it may make." (Numerous decisions cited.)

Applying, therefore, the test referred to in the reference from Corpus Juris, *supra,* it follows that the classification rests on real differences in the subject matter and is germane to the purpose of the law, such purpose being to protect the public from the inconvenience, expense, and danger in responding to such advertisements.

The requirement of the statute with respect to the advertisement operates equally on all within the same class, and is therefore valid. This is true, as is stated in 12 Corp. Jur. 1128, 1130, even though the act confers different rights or imposes different burdens on the several classes.

Counsel for plaintiff in error cites the case of *Mathews v. People,* 202 Ill. 389, 67 N. E. 28, and states in his brief:

"The statute in that action established free employment agencies to be maintained at public expense. It forbid those in charge, however, to furnish help to persons whose employees were on strike or locked out. . . . The court held this statute to be void as discriminating between two classes of employers, as depriving applicants of the privilege of working for such employers, and as interfering with the freedom of contract."

This case materially differs from the instant case. Under the statute in the instant case there is no interference or restriction with respect to the right of the plaintiff in error to contract for any kind of labor it may see fit. The statute merely requires that in advertising for labor it shall state the truth with respect to the existence of a strike or a lockout, so that persons applying for employment may be governed accordingly. All employers of workmen are treated alike and are subject to the same requirement.

Counsel for plaintiff in error also contends that the statute in question is repugnant to the provisions of the Fourteenth

amendment to the federal constitution, in that it denies to his client the equal protection of the laws, and in support of that contention cites from the decision of the supreme court in *Connolly v. Union S. P. Co.* 184 U. S. 540, 22 Sup. Ct. 431, as follows:

"The Fourteenth amendment, in declaring that no state 'shall deprive any person of life, liberty, or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws,' undoubtedly intended not only that there should be no arbitrary deprivation of life or liberty, or arbitrary spoliation of property, but that equal protection and security should be given to all under like circumstances in the enjoyment of their personal and civil rights."

With the law as thus laid down we can have no quarrel. Under this decision the right of classification is clearly recognized both as to employers and employees, and where, as in the instant case, equal protection and security is given to all under like circumstances in the enjoyment of their personal and civil rights, by treating all within the classification alike, the Fourteenth amendment is not violated.

The constitutional questions involved in this case were raised, under a statute almost identical with our own, in Massachusetts, in *Comm. v. Libbey,* 216 Mass. 356, 103 N. E. 923, 49 L. R. A. n. s. 879, and were decided favorably to the constitutionality of the statute. The matters are somewhat extensively treated in the case cited, and we approve of the logic of that decision. The same may also be said of the case of *Riter-Conley Mfg. Co. v. Wryn* (Okla.) 174 Pac. 280, 11 A. L. R. 859.

We must therefore hold that the statute in question is constitutional and that the order and judgment of the lower court must be affirmed.

*By the Court.*—It is so ordered.

JONES, J., dissents.