McKearn and wife, Respondents, v. Lerman Tire
Service, Ltd., Appellant.

*October 3—November 1, 1966.*

332

334

For the appellant there were briefs and oral argument by *Jack C. Ottenstein* of Milwaukee.

For the respondents there was a brief by *Hansen, Eggers, Berres & Kelley* of Beloit, and oral argument by *Larry J. Eggers.*

BEILFUSS, J.   We recognize the issue to be—Are the plaintiffs-mortgagors entitled to a rescission of the entire agreement because of the delay on the part of the defendant in satisfying its judgment against the plaintiffs.

It should be noted that both parties to this action moved for summary judgment and that both parties insist, in

their briefs and in oral argument, that no issues of fact are present. Since the parties are intent on obtaining a decision without a trial, we will assume there is no dispute in the material facts.

It is apparent that McKearn was in financial difficulties. It is also apparent that Lerman was aggressively pursuing its available remedies in collecting its judgment.

The agreement between the parties is that Lerman was to discontinue its receivership proceedings against McKearn and to satisfy the judgment against him in return for a collectible note and mortgage, for a lesser amount, against the homestead of McKearn. McKearn would be relieved of the financial harassment of a receivership and obtain a satisfaction of a substantial judgment. Lerman would receive a note and mortgage which would afford it a much greater probability of collection because it would not be subject to McKearn's homestead exemption.

From Lerman's point of view, the entire agreement was predicated upon the representations of McKearn that the home was worth $28,000 (or at least $22,000 at a forced sale), and subject only to one mortgage with balance due of about $13,000. It appeared to be clear that McKearn had sufficient equity in the home to satisfy the proposed second note and mortgage to Lerman.

When it became known to Lerman that its mortgage was not in fact a collectible second mortgage but in reality a third mortgage subject to two prior mortgages in amounts equal to or in excess of the sale value of the home, the consideration for discontinuing the receivership and satisfying the judgment completely failed.

The misrepresentation of McKearn, whether knowingly or inadvertently made, was a substantial breach on the part of McKearn and that misrepresentation gave the right to Lerman to rescind the agreement if it so chose.

Lowe's letter of July 24th is not a rescission nor a notice of intention to rescind, nor is it a notice that Lerman would not perform. It is rather a statement of the discovery of the additional prior mortgage and an invitation to McKearn "to set the matter right."

Long's letter of August 10th is an acknowledgment that McKearn could not, as agreed, deliver a second mortgage and a notice that McKearn wanted the note returned and the mortgage satisfied. The letter of September 5th is clearly a demand for the return of the note and the mortgage satisfaction. It was not until August 10th that Lerman was definitely advised by McKearn (through Long) that he could not perform the agreement by delivery of a second mortgage. At this stage of the negotiations, because of McKearn's breach, Lerman had the right to elect to go through with the agreement or rescind it. Lerman had a reasonable time in which to make the election.

". . . The . . . rule is that the right to rescind must be exercised within a reasonable time, or with 'reasonable promptness,' after discovery of the facts from which it arises. . . .
" . . .
"The question as to what is a reasonable or proper time within which to rescind a contract depends upon the facts of the particular case and is ordinarily a question for the jury, even where the facts are undisputed, except where only one inference may reasonably be drawn from them. . . ." 17 Am. Jur. (2d), Contracts, pp. 992, 993, 994, sec. 510.

It follows that if Lerman did not elect to rescind within a reasonable time it was duty bound to perform by satisfying the judgment.

What constitutes a reasonable time to make an election to rescind or perform is usually a question of fact for the trier of the facts but because of the insistence of the parties that there are no disputed facts and the action

should be decided upon the record before us, we conclude, in view of the obvious precarious financial position of McKearn and the questionable value of the note and mortgage, that a period of time between August 10th and September 14th is not unreasonable. Lerman elected to perform as per the agreement within a reasonable time.

Under the facts before us, equity will not relieve McKearn from the obligations of his agreement based upon his own misrepresentation. The most McKearn could rightfully demand was performance of the agreement—this Lerman has done.

There may be instances where the defaulting party may demand rescission so as to be put in a *status quo*. Such as in this case, had Lerman refused to deliver back the note and satisfy the mortgage and also refused to satisfy the judgment. In such instance the plaintiff could seek the aid of a court of equity to obtain rescission [1] or compel performance. We do not reach this hypothetical question for the reason we conclude that Lerman performed within a reasonable time under the facts of the case.

*By the Court.*—Order and judgment reversed, with directions to dismiss the complaint.

---

[1] See 5A Corbin, Contracts, p. 3, sec. 1122; pp. 55–58, sec. 1131.