WHIPP and wife, Respondents, v. IVERSON, d/b/a IVERSON MOTOR COMPANY and IVERSON IMPLEMENT & MOTOR COMPANY, and wife, Appellants.

*No. 261.   Argued May 7, 1969.—Decided June 6, 1969.*
(Also reported in 168 N. W. 2d 201.)

For the appellants there was a brief by *Cwayna & Novitzke* and *Don Paul Novitzke,* all of Amery, and oral argument by *Don Paul Novitzke.*

For the respondents there was a brief and oral argument by *George W. Peterson* of Balsam Lake.

HALLOWS, C. J. The complaint alleges the defendants were the owners of a business known as the Iverson Motor Company at Amery, Wisconsin. The company was engaged in general automobile and farm implement repair work and the sale of Oldsmobile, Rambler and International Harvester Scout automobiles. The Oldsmobile agency consisted of 40 percent of the volume of sales and net earnings. On October 18, 1966, the plaintiffs and the defendant Robert Iverson discussed the sale of the business. The complaint alleges Iverson falsely represented the sale included the Oldsmobile agency and franchise and he was selling the business to the plaintiffs as he was operating it. It is alleged this representation and others Iverson knew or ought to have known were false and the plaintiffs, relying on them, were induced to enter into an agreement to purchase the

business and to lease the real estate occupied by the business.

In December, 1966, the Oldsmobile division of General Motors refused to transfer the franchise to the plaintiff Blaine Whipp who returned possession of the business and property to the defendants and demanded the return of the down payment and the amount of capital invested in the business. The defendants demurred to the complaint and argue it states no cause of action because it fails to allege the defendants made the false representation intentionally for the purpose of inducing the plaintiffs to sign the agreements. We think the trial court was correct in overruling the demurrer.

Rescission of a contract in equity may be grounded on misrepresentations not intentionally made for the purpose of defrauding or inducing a person to act to his detriment for the speaker's economic benefit. At law in the action for deceit the basis of responsibility for misrepresentation was intention, generally called scienter or the intent to deceive.[1] This elusive state of mind may be proved by proof the speaker believes his statement to be false or the representation is made without any belief as to its truth. *See Derry v. Peek* (1889), 14 A. C. 337;

---

[1] *International Milling Co. v. Priem* (1923), 179 Wis. 622, 192 N. W. 68; *Larson v. Splett* (1954), 267 Wis. 473, 66 N. W. 2d 181; *Polley v. Boehck Equipment Co.* (1956), 273 Wis. 432, 78 N. W. 2d 737.

In some of the more recent cases, some of which were relied on by the defendant, the elements of scienter and intent were required to produce actual fraud to avoid other rules of laws. *Household Finance Corp. v. Christian* (1959), 8 Wis. 2d 53, 98 N. W. 2d 390, and *First Nat. Bank in Oshkosh v. Scieszinski* (1964), 25 Wis. 2d 569, 131 N. W. 2d 308, involved actions to recover a debt which was discharged in bankruptcy. *McCluskey v. Thranow* (1966), 31 Wis. 2d 245, 142 N. W. 2d 787, and *Volk v. McCormick* (1969), 41 Wis. 2d 654, 165 N. W. 2d 185, involved actions for medical malpractice commenced after the negligence statute of limitations had run.

Restatement, 3 *Torts,* p. 63, sec. 526 (b). As Prosser puts it,[2] "A defendant who asserts a fact as of his own knowledge, or so positively as to imply that he has knowledge, under circumstances where he is aware that he will be so understood when he knows that he does not in fact know whether what he says is true, is found to have the intent to deceive . . . ."

Even at law, recovery in damages is allowed for fraud not amounting to deceit. Fraud is a generic and an ambiguous term. It embranches misrepresentation which may be separated into the three familiar tort classifications of intent, negligence, and strict responsibility. This classification is used by Prosser in his work on torts and also by Williston in his work on contracts.[3] Recently this court attempted to classify its decisions in this field under these three classifications although it had not usually differentiated the bases of liability for misrepresentation. In doing this, this court recognized an action in negligence for misrepresentation. *See Stevenson v. Barwineck* (1959), 8 Wis. 2d 557, 99 N. W. 2d 690.

The bases of responsibility in these three classifications of torts have at least three elements in common: (1) The representation must be of a fact and made by the defendant; (2) the representation of fact must be untrue; and (3) the plaintiff must believe such representation to be true and rely thereon to his damage. The classifications differ in several respects. In intentional deceit the defendant must either know the representation is untrue or the representation was made recklessly without caring whether it was true or false and with intent to deceive and induce the plaintiff to act upon it to the plaintiff's pecuniary damage. In strict respon-

---

[2] Prosser, *Law of Torts, Misrepresentation,* p. 716, sec. 102.

[3] 5 Williston, *Contracts* (Rev. ed. 1937), sec. 1500. *See also* Bohlen, *Misrepresentation as Deceit, Negligence, or Warranty* (1929), 42 Harv. L. Rev. 733.

sibility,[4] the misrepresentation must be made on the defendant's personal knowledge or under circumstances in which he necessarily ought to have known the truth or untruth of the statement and the defendant must have an economic interest in the transaction. Intent to deceive and good-faith belief in the truth of the representation are immaterial. In this classification the speaker is supposed to possess complete knowledge of the facts or could normally be expected to know them without investigation. Harper and McNeely, *A Synthesis of The Law of Misrepresentation,* 22 Minn. L. Rev. (1938), 939, at Note 12, p. 988. A person is therefore justified in expecting infallibility as to the representations of fact. In negligence, the defendant need only fail to exercise ordinary care in making a misrepresentation or in ascertaining the facts but like other cases of negligence, it requires a duty of care or a voluntary assumption of a duty.

These three types of torts have other important differences in respect to measure of damages, burden of proof, and the right of the plaintiff to rely upon the representations. *See Harweger v. Wilcox* (1962), 16 Wis. 2d 526, 114 N. W. 2d 818; Annot. (1967), *"Out of pocket" or "benefit of bargain" as proper rule of damages for fraudulent representations inducing contract for the transfer of property,* 13 A. L. R. 3d 875.

We need not discuss the cases cited by the defendant as they all relate to a tort action for deceit in one form or

---

[4] *Bird v. Kleiner* (1876), 41 Wis. 134; *Davis v. Nuzum* (1888), 72 Wis. 439, 40 N. W. 497; *Gunther v. Ullrich* (1892), 82 Wis. 222, 52 N. W. 88, 33 Am. St. Rep. 32; *Matteson v. Rice* (1903), 116 Wis. 328, 92 N. W. 1109; *Arnold v. National Bank of Waupaca* (1905), 126 Wis. 362, 105 N. W. 828, 3 Law. Rep. Ann. 580; *First Nat. Bank v. Hackett* (1914), 159 Wis. 113, 149 N. W. 703; *Ohrmundt v. Spiegelhoff* (1921), 175 Wis. 214, 184 N. W. 692; *Lee v. Bielefeld* (1922), 176 Wis. 225, 186 N. W. 587; *Neas v. Siemens* (1960), 10 Wis. 2d 47, 102 N. W. 2d 259; *Harweger v. Wilcox* (1962), 16 Wis. 2d 526, 114 N. W. 2d 818.

another. Certainly what is grounds for damages in deceit is grounds for rescission, but rescission is not restricted to deceit. Before the recognition of strict responsibility for misrepresentation at law, equity recognized that an honest misrepresentation was a ground for rescission.

It is not necessary for rescission of a contract "that the party making the misrepresentation should have known that it was false." Recovery is allowed even though misrepresentation is innocently made because "it would be unjust to allow one who has made false representations, even innocently, to retain the fruits of a bargain induced by such representation." 5 Williston, *Contracts* (Rev. ed., 1937), p. 4189, sec. 1500. This statement of law is adopted by the Restatement, 2 *Contracts*, p. 908, sec. 476, which states "Where a party is induced to enter into a transaction with another party that he was under no duty to enter into by means of the latter's fraud or material misrepresentation, the transaction is voidable as against the latter and all who stand in no better position, subject to" certain qualifications. A misrepresentation may be innocent, negligent, or known to be false, Restatement, 2 *Contracts*, p. 890, sec. 470, Comment *a*, and if innocently made is voidable, sec. 476 (2). *See also* Restatement, *Restitution*, p. 123, sec. 28 (b).

In *McKearn v. Lerman Tire Service, Ltd.* (1966), 32 Wis. 2d 329, 145 N. W. 2d 731, we stated rescission could be had for a misrepresentation either knowingly or inadvertently made which was a substantial breach of the contract. *See also Appleton State Bank v. Lee* (1967), 33 Wis. 2d 690, 148 N. W. 2d 1. Thus grounds for rescission may be at least those facts which would give rise to an action for damages for deceit or for strict responsibility. We do not decide whether rescission can be grounded upon negligence.

Under modern liberality of pleading and the fusion of law in equity, a demurrer must be overruled if the complaint states facts which entitle the plaintiff to any relief. We think an express allegation of scienter is not required for rescission which is asked for in this complaint. The defendants are alleged to have known or ought to have known the Oldsmobile franchise could not be sold as part of the business. Iverson was the owner of the franchise he was purporting to sell and should know whether he could or could not sell the franchise. There is no question of Iverson's economic interest in the sale and his lack of intent to deceive is not material to the cause of action. We think therefore a cause of action is stated for rescission on the strict responsibility theory if not on the ground of deceit.

*By the Court.*—Order affirmed.