Edward M. MEAS, Sr., and Noreen L. Meas, his wife, Plaintiffs-Appellants,

v.

Thomas G. YOUNG, Peter G. Bushman, James S. Gabrielsen, and James F. Fox, Defendants-Third-Party Plaintiffs-Respondents,

COMMONWEALTH LAND TITLE INSURANCE COMPANY, Defendant,

Edward CECHVALA and Marcella Cechvala, his wife, Third-Party Defendants.

Court of Appeals

*No. 85–2384. Submitted on briefs September 22, 1986.— Decided March 10, 1987.*

(Also reported in 405 N.W.2d 697.)

89

For plaintiffs-appellants, Edward M. Meas, Sr., and Noreen L. Meas, there were briefs by *Kirk Reese* and *Michael J. Stingl* of the *Eckert Law Office,* Rhinelander.

For defendants-third-party plaintiffs-respondents, Thomas G. Young, Peter G. Bushman, James S. Gabrielsen, and James F. Fox, there were briefs by *Thomas Terwilliger* and *Jeffrey J. Strande* of *Terwilliger, Wakeen, Piehler & Conway, S.C.,* Wausau.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J. Edward and Noreen Meas appeal a judgment dismissing their demand for rescis-

sion of a real estate contract with realtors Thomas Young, Peter Bushman, James Gabrielsen, and James Fox, d/b/a Birchland Realty, Inc. The issues on appeal are whether a valid contract existed and, if so, whether rescission was unavailable as a matter of law.[1] We agree with the trial court that a valid contract existed. It was error, however, to rule that rescission was unavailable as a matter of law. Accordingly, we affirm in part, reverse in part, and remand for a new trial.

The Meases purchased a home and acreage from the four realtors. The property, located near Phillips, consisted of a five-bedroom home on a sizable piece of land. The Meases brought suit against the sellers alleging that the condition of the house and the amount of acreage were not as represented.

We first consider whether the parties had a valid contract. The Meases claim that the word "approximately," modifying the phrase "123 acres," was absent from their offer. Because the language in their offer to purchase was not identical to the "123 acres, approximately," in the copy that the realtors accepted, the Meases argue that no valid contract existed. The Meases' contention is based upon the following language in *Leuchtenberg v. Hoeschler,* 271 Wis. 151, 155, 72 N.W.2d 758, 760 (1955) (quoting *Hess v. Holt Lumber Co.,* 175 Wis. 451, 455, 185 N.W. 522, 523 (1921)): "The acceptance of an offer upon terms

---

[1]Error is also predicated on the exclusion of the Meases' expert witness on damages. The Meases failed to name him until nearly five months beyond the scheduling order. We conclude that there was no abuse of discretion by the trial court. On retrial, the expert's testimony may be heard if deemed material to the remaining issue of misrepresentation, assuming compliance with any new scheduling order.

varying from those of the offer, however slight, is a rejection of the offer." While we do not quarrel with the Meases' statement of the law, because the trial court found that the acceptance did not, in fact, vary from the offer, the law concerning variance is inapplicable.

■

Whether a valid contract exists here depends on the resolution of conflicting evidence before the trial court. *See Goebel v. National Exchangors, Inc.,* 88 Wis. 2d 596, 614, 277 N.W.2d 755, 764 (1979). We will not overturn a trial court's factual determination unless it is clearly erroneous. Section 805.17(2), Stats.

■

Relying on a visual observation of the documents as well as on testimony, the trial court determined that the various copies of the offer were in fact identical and that the contract was therefore valid. The trial court relied in part on the testimony of attorney Klein, the Meases' counsel at the time, that while he could not remember writing the acreage language on the contract form, the words appeared to be in his handwriting. We are unable to review Klein's precise testimony, as it is not part of the record on appeal. Without Klein's testimony, we cannot find the trial court's assessment of that testimony clearly erroneous. *See Oxman's Erwin Meat Co. v. Blacketer,* 86 Wis. 2d 683, 689, 273 N.W.2d 285, 287–88 (1979).

■

More importantly, the trial court observed the documents and determined that the language, "Complete description attached hereto and incorporated herein, with land comprising 123 acres, approximately, to be established by title insurance," was present in all copies of the offer to purchase but that, due to

93

accidental misalignment of the carbon copies, the word "approximately" in handwritten lettering on the Meases' copy was merely obscured by typewritten print.[2] Since the trial court inferred that the misalignment occurred through the act of the Meases' own attorney, an inference not clearly erroneous, they cannot avoid the consequences of his acts or omissions. *See Village of Big Bend v. Anderson,* 103 Wis. 2d 403, 406, 308 N.W.2d 887, 889 (Ct. App. 1981). We therefore conclude that a valid contract existed.

Having determined that the contract was valid, we turn to the issue of rescission. We conclude that the trial court erred by ruling that there was no misrepresentation and deciding that rescission was unavailable as a matter of law. The Meases produced evidence of misrepresentations that, if believed by the trier of fact, could warrant rescission.[3]

---

[2]Several of the handwritten words in addition to "approximately" are similarly obscured, but they are undoubtedly of no consequence to the terms of the contract.

[3]The Meases also argue that rescission is justified under the theories of mutual mistake and breach of contract. It appears from the record on appeal that the mistake issue was not raised in the trial court, and we therefore do not consider it. *Wirth v. Ehly,* 93 Wis. 2d 433, 443–44, 287 N.W.2d 140, 145–46 (1980). Although breach of contract can warrant rescission, we need not discuss the Meases' contention at length. Because they failed to show that any breach of contract could not be compensated in damages, we agree with the trial court that it did not warrant rescission. *See Appleton State Bank v. Lee,* 33 Wis. 2d 690, 692–93, 148 N.W.2d 1, 2–3 (1967).

The Meases originally plead a claim for money damages as an alternative to rescission, but the claim was dismissed after the close of the plaintiffs' case. Whether the dismissal was based upon an inability to prove damages absent their expert witness or for other reasons we cannot determine because the reasons do not appear in the record. We note that asking the court to rescind and ·

A trial court should not dismiss for insufficiency of the evidence unless, when all credible evidence and reasonable inferences therefrom are considered in the light most favorable to the plaintiff, there is nothing to support a finding for the plaintiff. *Christianson v. Downs,* 90 Wis. 2d 332, 334–35, 279 N.W.2d 918, 919–20 (1979); sec. 805.14(1), Stats.[4] On appeal, we must apply the same standard as the trial court. *Gries v. First Wisconsin National Bank,* 82 Wis. 2d 774, 777, 264 N.W.2d 254, 256 (1978).

An action for rescission may be grounded on misrepresentation. *Whipp v. Iverson,* 43 Wis. 2d 166, 171, 168 N.W.2d 201, 204 (1969). Recovery is allowed because "[i]t would be unjust to allow one who has

affirming the contract and suing for damages are generally considered inconsistent remedies. *See Schnuth v. Harrison,* 44 Wis. 2d 326, 337, 171 N.W.2d 370, 376 (1969); D. Dobbs, Handbook on the Law of Remedies, sec. 9.4, at 620–21 (1973).

In any case, because the Meases have had their day in court on the issue of breach of contract, they are not entitled to a new trial on that theory. Although consequential damages are relevant in connection with rescission in order to restore the parties to their original precontract positions, *see Schnuth,* 44 Wis. 2d at 339, 171 N.W.2d at 377, on remand the Meases are not entitled to relitigate their breach of contract claim.

[4]It should be noted that were this a trial to the court, as it may be on remand, the standard on motion to dismiss at close of plaintiff's case does not require that the evidence be viewed in a light most favorable to the plaintiff. Rather, the trial court may view the evidence on its merits at that stage and dispose of the case on its merits if it concludes that plaintiff has failed to establish a prima facie case. *Household Utilities, Inc. v. Andrews Co.,* 71 Wis. 2d 17, 24–25, 236 N.W.2d 663, 667 (1976); *see* sec. 805.17(1), Stats.

made false representations, even innocently, to retain the fruits of a bargain induced by such representation." *Id.* at 171, 168 N.W.2d at 204 (quoting 5 S. Williston, A Treatise on the Law of Contracts, sec. 1500 (rev. ed. 1937)). However, rescission is an appropriate remedy for unintentional misrepresentation only where the misrepresentation is material. *See First National Bank and Trust Co. v. Notte,* 97 Wis. 2d 207, 221–22, 293 N.W.2d 530, 538 (1980). "A misrepresentation is material if it is likely to induce a reasonable person to manifest his assent, or if the maker knows that it is likely that the recipient will be induced to manifest his assent by the misrepresentation." *Id.* at 222–23, 293 N.W.2d at 538. Additionally,

> even when under the reasonable person standard the misrepresentation would not have been material, it is possible that there were personal considerations which would induce the recipient to enter the contract. If the party making the misrepresentation knows of these special circumstances, the misrepresentation may be material even though it would not be expected to induce a reasonable person to enter the proposed contract.

*Id.* at 223, 293 N.W.2d at 538 (citing Restatement (Second) of Contracts, sec. 304, comment c (Tent. Draft No. 11 1976)).

Here, the misrepresentation claim is premised on two factual claims. The Meases first contend that they did not receive the 123 acres of land bargained for, and, second, that the home was not in the condition promised. Thus, in order to obtain rescission of this real estate contract, the Meases must prove that at lease one of their claims constitutes a material mis-

representation of fact. *See Notte,* 97 Wis. 2d at 223, 293 N.W.2d at 538.

Although there is no disagreement that the parties believed the property contained about 123 acres and that the property in fact contains 106 or 107 acres, we concur with the trial court that the contract may not be rescinded based upon the deficient acreage. The Meases produced no evidence that they had any special concern or use for the land that required precisely 123 acres, nor that they would have refused to buy the property had they known the actual acreage. The Meases were also aware that no survey had been made. In view of this evidence, we hold as a matter of law that the Meases failed to show that the misrepresentation as to acreage was material.

The Meases' argument concerning the condition of the house holds more merit. The couple claims that they required and were promised a house in good condition, but instead received one that leaked sufficiently to cause significant mold problems. The presence of mold in the house is supported by both oral and photographic evidence. Noreen Meas testified that she was allergic to mold and that she made this fact known to the realtors. She also testified that going into the attic made her face itch and that she had to stay out of the den due to the mold growing there.

Whether these claims should be believed and not treated as mere exaggerations, that is, whether they were credible, was a factual issue. The evidence of Noreen's allergy to mold, along with her testimony that she needed a clean house and that she informed the realtors of this fact, constituted some credible

evidence from which a trier of fact could determine that personal considerations made the misrepresentations material. *See id.* at 223, 293 N.W.2d at 538.

The result in this case makes it apparent that the right of rescission based on a tort of misrepresentation is broader than the right of rescission based on breach of contract. This is so because the latter is not available when the wrong may be compensated in money damages. Rescission based on misrepresentation is not so limited. Although we find no case explicitly so holding, it is implicit in each of the misrepresentation cases cited herein. We therefore reverse and remand for a new trial on the issue of rescission. Because rescission of a contract is an action in equity, *Whipp v. Iverson,* 43 Wis. 2d 166, 168, 168 N.W.2d 201, 202 (1969), it is not triable of right by a jury. The trial court may, however, pursuant to sec. 805.02, Stats., upon motion or its own initiative, try any factual issue with an advisory jury.

*By the Court.*—Judgment affirmed in part, reversed in part, and cause remanded with directions. No costs on appeal.