Robert L. VANDEHEY, Plaintiff-Appellant,

v.

CITY OF APPLETON, Defendant-Third Party Plaintiff-Respondent,

BECHARD INVESTMENTS, INC., Third Party Defendant.

Court of Appeals

*No. 88–0581. Submitted on briefs August 29, 1988.—Decided September 1, 1988.*

(Also reported in 431 N.W.2d 679.)

411

For plaintiff-appellant, there was a brief submitted by *Richard C. Rowland* of *Bollenbeck, Block, Seymour, Rowland & Samson, S.C.* of Appleton.

For defendant-third party plaintiff-respondent, there was a brief by *Greg J. Carman,* City Attorney of Appleton.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. Robert L. Vandehey appeals a summary judgment denying him damages in a misrepresentation

action. The issue is whether an alternative measure of damages, under the benefit of the bargain rule, may be recovered where the seller is found to be strictly responsible for misrepresentation. We hold that a purchaser may be entitled to the reasonable cost of placing the property in the condition it was represented to be. Therefore, we reverse and remand for further proceedings.

In 1985, Vandehey purchased real estate from the City of Appleton. Unknown to Vandehey, five underground fuel storage tanks were located on the property. During the negotiations for the purchase, the city failed to advise and disclose to Vandehey the existence of the underground tanks. Vandehey purchased the real estate without this knowledge. Shortly after the closing, the city issued a citation to Vandehey and ordered him to either remove the tanks or pump and fill the tanks. Vandehey spent $8,745 to pump and fill the tanks.

The trial court granted Vandehey's motion for summary judgment and found the city strictly liable for misrepresentation. The city does not appeal the summary judgment on the liability question. Subsequently, Vandehey and the city filed motions for summary judgment as to the damage question. The trial court found that no evidence was submitted by either party regarding the value of the property before and after the removal of the tanks and, therefore, granted summary judgment in favor of the city.

Vandehey argues that the trial court erred when it refused to consider Vandehey's cost of filling the tanks as evidence under the alternative measure of the benefit of the bargain rule. We agree and therefore reverse the judgment and remand the matter for further proceedings.

This court's review is de novo when reviewing a

summary judgment. *United States Fid. & Guar. Co. v. Goldblatt Bros.,* 142 Wis. 2d 187, 190, 417 N.W.2d 417, 419 (1987). We are required to follow the same methodology as the trial court, but since this methodology has been described numerously, we need not describe it again. *See Preloznik v. City of Madison,* 113 Wis. 2d 112, 115–16, 334 N.W.2d 580, 582–83 (Ct. App. 1983). Because liability is not an issue between the parties, we need only address the damage question as it relates to strict responsibility for misrepresentation.

There are three categories of misrepresentation: (1) intentional; (2) strict responsibility; and (3) negligence. *Ollerman v. O'Rourke Co.,* 94 Wis. 2d 17, 24, 288 N.W.2d 95, 99 (1980). Intentional misrepresentation exists where the seller makes a misrepresentation of fact that he or she believes to be false or carelessly misrepresents a fact without regard to its truth. *Whipp v. Iverson,* 43 Wis. 2d 166, 169, 168 N.W.2d 201, 203 (1969). Strict responsibility exists where the misrepresentation is made on the seller's personal knowledge or under circumstances in which he or she necessarily ought to have known the truth or untruth of the statement. *Id.* at 169–70, 168 N.W.2d at 203. Negligent misrepresentation exists where the seller fails to exercise ordinary care in making the misrepresentation or in ascertaining the facts. *Id.* at 170, 168 N.W.2d at 204. Specific damage rules apply to the various categories of misrepresentation. *Id.*

In actions based on intentional misrepresentation or strict responsibility, the benefit of the bargain measure of damages applies. *See Ollerman,* 94 Wis. 2d at 52, 288 N.W.2d at 112; *Anderson v. Tri-State Home Improve. Co.,* 268 Wis. 455, 464, 67 N.W.2d 853, 859

(1955). Traditionally, the benefit of the bargain is measured by the difference between the value of the property as represented and its actual value as purchased. *Ollerman,* 94 Wis. 2d at 52–53, 288 N.W.2d at 112. The supreme court in *Ollerman,* however, adopted an alternative measure of recovery under the benefit of bargain rule. The supreme court held, "Under the benefit of the bargain rule, an alternative measure of recovery is the reasonable cost of placing the property received in the condition in which it was represented to be and the purchaser is not limited to the direct damage . . . ." *Id.* at 53, 288 N.W.2d at 112.

Vandehey asserts that under this alternative measurement of recovery he is entitled to $8,745, the amount it would cost to place the property in the condition as represented by the city. The city asserts that *Ollerman* is inapplicable in this instance because *Ollerman* speaks only to damages surrounding intentional and negligent misrepresentation. The city therefore argues that this alternative measure of the benefit of the bargain rule is inapplicable in actions for strict responsibility in misrepresentations. We disagree. We see no basis for the distinction. It is more reasonable to conclude that when Wisconsin has adopted the benefit of the bargain measure of damages in actions based on intentional or strict responsibility misrepresentation, any alternative measure of damages adopted for one cause of action applies to the other unless the supreme court specifically limits its application.

The cost of filling the tanks is evidence of actual damages that stems from the city's misrepresentation about the condition of the land. The cost is a direct

result of the breach. It is not an indirect or incidental consequence of the breach. Therefore, the trial court should have admitted the $8,745 cost of filling the tanks as evidence under the alternative measure of the benefit of the bargain rule. Finally, we need not address the issue of consequential damages that the trial court raises because Vandehey is not requesting consequential damages. We therefore reverse and remand for further proceedings based on our discussion.

*By the Court.*—Judgment reversed and cause remanded.