Harvey TUCHALSKI, and Winifred Tuchalski, his wife, Plaintiffs,

v.

LeRoy J. MOCZYNSKI, and Bonnie L. Moczynski, his wife, Defendants-Third-Party Plaintiffs-Appellants,

v.

Ted FETTING, Raymond Elwood, Earl Giese, Statewide Real Estate Associates of Marshfield, and The Home Insurance Company of Illinois, Third-Party Defendants-Respondents.

Court of Appeals

*No. 89-0054. Orally argued June 21, 1989.—Decided October 2, 1989.*

(Also reported in 449 N.W.2d 292.)

For defendants-third-party plaintiffs-appellants there was a brief by *William J. Dehn* and argument by *Frank L. Nikolay,* and *Nikolay, Jensen, Scott, Gamoke & Grunewald, S.C.,* Colby.

For third-party defendants-respondents there was a brief and argument by *Russell T. Golla* and *Anderson, Shannon, O'Brien, Rice & Bertz,* Stevens Point.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J. LeRoy and Bonnie Moczynski, defendants in a land contract foreclosure action, appeal a summary judgment dismissing their third-party complaint against several real estate brokers and the brokers' insurer (collectively Statewide).[1] The circuit court ruled that the Moczynskis' third-party claim was for rescis-

---

[1] The plaintiffs, Harvey and Winifred Tuchalski, are not parties to this appeal and their foreclosure action against the Moczynskis remains pending before the trial court. Rescission is

sion and restoration, a remedy available only against the sellers, and dismissed the claim. Because the record reveals that the Moczynskis' third-party claim was for the tort of misrepresentation and not rescission, we reverse for further proceedings consistent with this opinion.

Statewide's motion for summary judgment on the Moczynskis' third-party complaint and the circuit court's decision granting the motion are each premised on the assumption that the Moczynskis chose to pursue rescission and restoration as a remedy against Statewide. This erroneous assumption is partially attributable to repeated amendments to the Moczynskis' pleadings. In its trial brief in support of summary judgment, Statewide observed: "Given all of the pleadings that have been filed in this case, it is a bit difficult to sort out exactly what claims are being asserted against [Statewide]." The Moczynskis' present counsel, who arrived late in the procedural process, concedes that "the action wound its tortuous way through voluminous pleadings . . .." Despite the confusion, the amended third-party complaint against the broker filed June 18, 1986, unequivocally reflects a claim for the tort of misrepresentation, a remedy that is not inconsistent with an action for rescission against the sellers. This complaint alleges an "untrue" and "negligent representation of fact" by Statewide that the Moczynskis "believed." The Moczynskis' motion dated February 24, 1988, to amend their claim to rescission of the land contract refers only to the counterclaim against the plaintiffs, the Tuchalskis. The motion and its supporting affidavit make no mention of an amendment with respect to Statewide.[2]

---

an action in equity not triable as of right to a jury. *Meas v. Young,* 138 Wis. 2d 89, 98, 405 N.W.2d 697, 701 (Ct. App. 1987).

[2] The Moczynskis' brief says the court directed them to elect

The ultimate question presented, therefore, is whether a party may assert a claim for rescission and restoration against a seller and at the same time pursue damages for misrepresentation against the broker. The trial court did not address this question because it viewed the Moczynskis' claim against Statewide as an action for rescission. We conclude that neither the doctrine of election of remedies nor other legal and equitable principles serve as a basis to deny the claims made here, as long as there is no double recovery.

[1]

The election of remedies doctrine is disfavored in Wisconsin and other states. *Bank of Commerce v. Payne, Webber, Jackson & Curtiss,* 39 Wis. 2d 30, 40–41, 158 N.W.2d 350, 354 (1968). It results in substantial injustice, is harsh, and largely obsolete. *Id.* It should be confined to cases where the plaintiff may be unjustly enriched, where the defendant has been misled, or the result is otherwise inequitable or res judicata applies. *Id.* The real purpose of the doctrine is to prevent double recovery. Dobbs, Handbook on the Law of Remedies, sec. 1.5 (1973).

■

Double recovery is certainly avoidable here. First, while the Moczynskis conceivably could obtain two separate money judgments for a single loss, one against the seller and one against the broker, the law of judgments requires satisfaction of both judgments if one is paid. *See* Restatement (Second) of Judgments, sec. 50 and comment (1982). Second, the Moczynskis' counsel con-

---

between rescission and affirmance of the contract at a hearing held July 31, 1987. The hearing transcript is not part of the record. Lack of a transcript limits review to those parts of the record available to the appellate court. *Ryde v. Dane County,* 76 Wis. 2d 558, 563, 251 N.W.2d 791, 793 (1977).

cedes that they seek only one recovery, restitution or restorative damages to make themselves whole. Recognition of this concession is consistent with the rule in other jurisdictions. In actions for deceit, several states have adopted the Oregon rule that holds: "If the defrauded party is content with the recovery of only the amount he has actually lost, his damages will always be measured under that rule." Prosser & Keeton on The Law of Torts, ch. 18, sec. 110 at 769 (1984) (citing *Selman v. Shirley*, 85 P.2d 384, 394 (Ore. 1938)). We adopt this rule here, and the Moczynskis are therefore entitled to seek recovery from the broker, assuming they are not made whole in their action against the seller.

Apart from its election of remedies argument, Statewide maintains that it should not be liable because, unlike the action against the seller, the property is not available to offset Statewide's losses. The farm is unavailable because, whether the Moczynskis win or lose in their dispute with the Tuchalskis, the property will no longer be theirs; it will either be sold in foreclosure or returned to the Tuchalskis in rescission.

We reject this perceived impediment to a claim against Statewide. In cases of restoration damages, if a loss must be born, the wrongdoer bears it. *Head & Seeman, Inc. v. Gregg*, 104 Wis. 2d 156, 159-60, 311 N.W.2d 667, 669 (Ct. App. 1983). Further, we need not address the availability of contribution or other remedies between the seller and broker because such issues have not been raised by this appeal.

Finally, Statewide argues that this court should affirm the summary judgment in any case because the evidentiary record does not support a claim for misrepresentation. We decline to do so. The circuit court did not address this issue because it considered rescission as the

only claim made. We note that the Moczynskis' sixteen-page response to interrogatories purports to detail facts in support of misrepresentation. The question whether Statewide has a right to summary judgment based upon a failure to establish a prima facie case for misrepresentation is returned for determination by the trial court.

*By the Court.*—Judgment reversed and cause remanded for further proceedings.