Town of Eagle, Plaintiff-Respondent,
v.
Daniel Franklin-Stiglitz, Defendant-Appellant.
No. 03-1037.
Court of Appeals of Wisconsin.
Opinion Filed: November 24, 2004.
Before Anderson, P.J., Brown and Nettesheim, JJ.
¶1 PER CURIAM.
Daniel Franklin-Stiglitz appeals from a judgment finding that he is improperly storing junk vehicles on his property and authorizing the Town of Eagle to remove the vehicles. Because Franklin-Stiglitz is not a collector under WIS. STAT. § 341.266 (2001-02),[1] the circuit court did not err in requiring removal of the vehicles from his property. We affirm.
¶2 In January 2002, Judge Patrick Snyder found that the Town of Eagle met its burden of proving that Franklin-Stiglitz had violated Town ordinances which prohibit storing vehicles (motor vehicles, semi-trailers, semi-trucks) and assorted junk in a residential area and without a permit. The court found that Franklin-Stiglitz was not a credible witness and did not accept his testimony that the vehicles are collector's items. The court found that the junk was neither fenced nor shielded by shrubs and trees and was visible to neighbors and passersby. The court concluded that Franklin-Stiglitz was operating an illegal junkyard in the Town and that the junkyard violated the Town's ordinances and constituted a public nuisance. The court entered a judgment enjoining Franklin-Stiglitz from towing any additional vehicles to the property, imposing a forfeiture on Franklin-Stiglitz, and giving him until April 2002 to abate the nuisance. As part of further proceedings, the court stated that it would permit Franklin-Stiglitz to prove that his vehicles were collector's items under WIS. STAT. § 341.266. If Franklin-Stiglitz did not abate the nuisance, the Town was authorized to enter his property to remove the junk and assess the costs of doing so against the property.[2]
¶3 Thereafter, inspections revealed that Franklin-Stiglitz had not complied with the January 2002 judgment. In September 2002, the Town moved the circuit court to hold Franklin-Stiglitz in contempt for his violation of the January 2002 judgment and to impose additional forfeitures. Proceedings on the contempt were held before Judge Robert Mawdsley in November and December 2002.
¶4 The evidence presented by the Town established that Franklin-Stiglitz had not complied with the January 2002 judgment which required him to remove the vehicles from the premises. Some eighty-five unlicensed vehicles remained according to an inventory taken at the Town's behest. Franklin-Stiglitz conceded that vehicles remained on his property. The court found that Franklin-Stiglitz had attempted to screen the vehicles from the highway by using semi-trailers. The court found that the manner in which the vehicles were being stored promoted their deterioration, not their preservation, a statutory requirement for collector's vehicles. The court found the vehicles to be junk and further found that they were leaking fluids into the soil. The court concluded that with the exception of a few farm vehicles and equipment, the unlicensed vehicles and other junk were not collector's vehicles under WIS. STAT. § 341.266 and that using semi-trailers to screen the vehicles was not an appropriate means to screen vehicles from public view as required by § 341.266(4). Because Franklin-Stiglitz did not abate the nuisance by the deadline and remained in violation of Town ordinances and the injunction entered by Judge Snyder, the court granted the Town the authority to remove the vehicles from the property and assess the property the cost of doing so. Franklin-Stiglitz appeals.
¶5 On appeal, Franklin-Stiglitz argues that the majority of the vehicles on his property are collector's vehicles under WIS. STAT. § 341.266.[3] A collector is someone who owns "one or more special interest vehicles who collects, purchases, acquires, trades or disposes of special interest vehicles or parts thereof for the collector's own use in order to restore, preserve and maintain a special interest vehicle for historic interest." Sec. 341.266(1)(a). The statutes also govern storage of collector's vehicles.
A collector may store unlicensed, operable or inoperable, vehicles and parts cars on the collector's property provided the vehicles and parts cars and the outdoor storage area are maintained in such a manner that they do not constitute a health hazard and are screened from ordinary public view by means of a fence, rapidly growing trees, shrubbery or other appropriate means.
Sec. 341.266(4).
¶6 The circuit court made findings of fact regarding the nature of the items stored on Franklin-Stiglitz's property. The trier of fact is responsible for determining the weight of the evidence and the credibility of the witnesses, and we will not overturn those findings unless they are clearly erroneous. Micro-Managers, Inc. v. Gregory, 147 Wis. 2d 500, 512, 434 N.W.2d 97 (Ct. App. 1988).
¶7 Franklin-Stiglitz argues that his vehicles are collector's items and that they are screened by other vehicles on the property. Franklin-Stiglitz testified to that effect and offered the opinion of a vehicle collector that all the vehicles on Franklin-Stiglitz's property are collector's vehicles. The Town offered evidence of the condition of the vehicles on the property (rusting and otherwise deteriorating, with weeds growing in and around them) and that soil samples indicate that fluids from the vehicles have leaked into the soil, creating a public health issue. No evidence was presented that Franklin-Stiglitz was working to restore any of the vehicles.
¶8 The circuit court clearly did not find either Franklin-Stiglitz or his vehicle collector witness credible on the question of whether the vehicles on the property were collector's vehicles within the meaning of WIS. STAT. § 341.266. The court did not find any evidence that Franklin-Stiglitz was preserving or storing any of the vehicles on his property in a manner consistent with collection of the vehicles. The court found that Franklin-Stiglitz's attempt to screen the vehicles with trailers was ineffective. The court found that Franklin-Stiglitz did not abate the nuisance as required by the January 2002 judgment. These findings are not clearly erroneous and they are supported in the record.
¶9 Franklin-Stiglitz argues that he properly screened the vehicles. This argument is not supported in the evidence. Collector's vehicles must be screened by a fence, vegetation or other appropriate means. WIS. STAT. § 341.266(4). Here, Franklin-Stiglitz used other junk vehicles to screen his junk vehicles.[4] The circuit court found that the junk vehicles were visible from the highway and to neighbors.
¶10 Franklin-Stiglitz argues in his reply brief that the screening trailers are actually farm trailers which he may keep on his agriculturally-zoned property. The circuit court found that semi-trailers without current license plates are not collector's items. And, an inventory taken on behalf of the Town (Exhibit 2) shows that none of the trailers on the property bore a current license plate. This argument is not supported in the record.
¶11 Additionally, other than noting that some farm equipment was included in the list of vehicles on the property, Franklin-Stiglitz did not argue to the circuit court that he used permitted farm vehicles to screen the other vehicles on the property. A party must raise and argue an issue with some prominence in order to allow the circuit court to address the issue and make a ruling. State v. Ledger, 175 Wis. 2d 116, 135, 499 N.W.2d 198 (Ct. App. 1993). Franklin-Stiglitz did not do so, and we will not address this issue for the first time on appeal. See Meas v. Young, 138 Wis. 2d 89, 94 n.3, 405 N.W.2d 697 (Ct. App. 1987).
¶12 Finally, Franklin-Stiglitz argues that the circuit court erroneously excluded from evidence a videotape he made of the property from the highway showing the vehicles on the property. Evidentiary rulings are discretionary with the circuit court. Gonzalez v. City of Franklin, 137 Wis. 2d 109, 139, 403 N.W.2d 747 (1987). The circuit court declined to admit the videotape because Judge Snyder had already made findings about the nature of the vehicles and the tape was not relevant to the proceedings.
¶13 We take a slightly different view of the videotape. Franklin-Stiglitz offered the videotape to establish that the vehicles are properly screened and not in plain view from the highway. However, whether the vehicles are properly screened is relevant only if they are collector's vehicles under WIS. STAT. § 341.266.
¶14 At the proceedings before Judge Snyder, which Franklin-Stiglitz did not timely appeal, Judge Snyder found that the vehicles constituted visible junk but permitted Franklin-Stiglitz to return with evidence that they are actually collector's items. Franklin-Stiglitz did not establish before Judge Mawdsley that the vehicles are collector's items. Therefore evidence of how the vehicles were screened was not relevant. The circuit court properly excluded the videotape from evidence. See Bence v. Spinato, 196 Wis. 2d 398, 417, 538 N.W.2d 614 (Ct. App. 1995) (we may affirm the circuit court if it reached the right result for the wrong reason).
By the Court.  Judgment affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[2] Franklin-Stiglitz did not timely appeal this judgment. Therefore, it is not before us on appeal.
[3] Franklin-Stiglitz argues that this is a case requiring statutory interpretation. We view Franklin-Stiglitz's appeal as a challenge to the sufficiency of the evidence. We are not required to address an appellate argument in the manner which a party has structured or framed the issues. See State v. Waste Mgmt. of Wis., Inc., 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978).
[4] If the screening trailers were collector's items, as Franklin-Stiglitz contends, then those trailers would have to be screened as well under WIS. STAT. § 341.266(4).